IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

            Plaintiff,

vs.                            **Case No. 10-40114-01/02-RDR**

JUAN ROMAN and
JOHNNY RODRIGUEZ,

            Defendants.

## O R D E R

This case is before the court upon defendants' motions for an extension of time to file pretrial motions. This is the second motion for an extension of time for each defendant. Previously, defendants received an additional 60 days to file motions. Defendants are now requesting 60 more days. Both defendants were represented by different counsel at the beginning of this case. The change in counsel limited some of the preparation time for the defendants.

Defendants are charged with possession with intent to distribute PCP. To the court's knowledge, this is not a complex or unusual case. Defendant Roman is released on bond. Defendant Rodriguez is detained pending trial.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the

best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others":  1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Most of the factors described above are not relevant to this case. However, the court finds that the denial of the requested continuance may deny counsel and defendants the time necessary to adequately consider a plea agreement prior to engaging in the time and expense of filing pretrial motions, taking into account the exercise of due diligence. The court finds that the continuance is in the interests of the public and the parties because it may save time and money and facilitate a fair, just and efficient resolution of this matter. The court further finds that defendant Rodriguez is detained and not a threat to the public while this case is pending and that the court has no information to suspect that

defendant Roman is a threat to the public while on pretrial release.

In sum, the court finds that the continuance requested is in the interests of justice which outweigh the interests of the public and the defendants in a speedy trial. Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

Defendants' motions shall be granted and defendants shall be granted time until April 12, 2011 to file pretrial motions. The government shall have time until April 21, 2011 to respond to the motions. A hearing upon any motions filed shall be scheduled for April 29, 2011 at 10:00 a.m.

The court will not be inclined to grant further motions to extend time in this case.

**IT IS SO ORDERED.**

Dated this 15th day of February, 2011 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge