IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                **Case No. 10-40114-01/02-RDR**

JUAN ROMAN and
JOHNNY RODRIGUEZ,

        Defendants.

## O R D E R

Defendants are charged with possession with intent to distribute more than one kilogram of PCP. Defendant Roman is on pretrial release. Defendant Rodriguez is detained pending trial.

This case is before the court upon the joint motion of all parties for an extension of time of 60 days for the government to respond to defendants' pretrial motions to suppress evidence. Doc. No. 47. Previously, defendants have been granted two extensions of time (from December 14, 2010 to April 12, 2011) to file pretrial motions. The government has received an extension of time from April 21, 2011 to May 5, 2011 and later to May 18, 2011 to file a response to the motions to suppress. The hearing date for defendants' motions has also been continued from May 12, 2011 to May 25, 2011 to accommodate defendant Roman. All of the extensions of time have been unopposed.

The instant motion asks the court to delay the hearing date upon defendants' motion for at least sixty days and to place the

government's response date one week prior to the continued hearing date, in order that defense counsel can consult with their clients regarding plea agreements proposed by the government.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendants in a speedy trial. To make this determination, the court must consider the following factors "among others":  1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendants reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Most of the factors described above are not relevant to the matter before the court.  However, the court finds that the denial of the requested continuance may deny counsel and defendants the time necessary to adequately consider a plea agreement prior to

engaging in the time and expense of litigating pretrial motions, taking into account the exercise of due diligence. The court finds that the continuance is in the interests of the public and the parties because it may save time and money and facilitate a fair, just and efficient resolution of this matter. The court further finds that defendant Rodriguez is incarcerated pending trial and is not a threat to the public. To the court's knowledge, defendant Roman has complied with the conditions of his pretrial release and is also not a threat to the public.

In sum, the court finds that the continuance requested is in the interests of justice which outweigh the interests of the public and the defendants in a speedy trial. Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

The parties' joint motion shall be granted and the government shall be granted time until July 18, 2011 to file a response to the defendants' pretrial motions. A hearing upon the pretrial motions shall be scheduled for July 26, 2011 at 10:00 a.m. The court will look skeptically at any future motions for continuance.

**IT IS SO ORDERED.**

Dated this 20th day of May, 2011 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge