IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                          **Case No. 10-40114-02-RDR**

JOHNNY RODRIGUEZ,

        Defendant.

### O R D E R

This order is issued to record the court's rulings upon the issues raised during the sentencing hearing conducted on November 4, 2011. Defendant appeared before the court to be sentenced after pleading guilty to Count 1 of an indictment charging defendant with possession with intent to distribute more than one kilogram of PCP in violation of 21 U.S.C. § 841.

After considering the sentencing factors listed in 18 U.S.C. § 3553, the court decided to sentence defendant to the mandatory minimum term of 120 months. This sentence represented a significant downward variance from the guideline range because defendant qualified under the Guidelines for treatment as a career criminal. The court made this downward variance for the following reasons.

First, while the court did not dispute defendant's criminal history calculation as set forth in the presentence report, the court gave some credit to defendant's position that his prior drug

convictions occurred at virtually the same time for virtually the same conduct.  They seemed like one conviction to defendant.  In the court's experience, such charges would often be treated as one event for the purposes of conviction and sentencing, although the court understands that wasn't what happened in the mid-90's when defendant's prior drug convictions occurred.  This is one reason why the court believes career criminal treatment was not consistent with the sentencing factors in § 3553.  The court also notes that the prior drug convictions are fairly remote in time and that defendant's other convictions are not for violent offenses.  As a whole, the court believes defendant's criminal history category overrepresented the seriousness of his criminal background.

Second, while the court appreciated the government's position (which also advocated a downward variance), the sentence received by the co-defendant in this case for the same conduct would be only 57% of the sentence advocated by the government for the defendant.  This was too great of a disparity, in the court's opinion, even though the co-defendant in this case had a criminal history category of I.  Defendant and the co-defendant are roughly the same age and have the same educational and employment backgrounds.  The defendant's more significant criminal history requires harsher treatment for defendant, but not as harsh as advocated by the government, especially if (as appears to be conceded and as defense counsel argued) defendant's role in the offense was not as

important as the co-defendant's role.

The court considered defendant's personal history and characteristics, the nature of the offense and the factors listed in § 3553.  The court believed that it was important to issue a sentence which was not unfairly dissimilar from the sentence of the co-defendant in this case.  To achieve this end and to determine a sentence which was sufficient but not greater than necessary to accomplish the sentencing goals in § 3553, the court found that a sentence of 120 months was appropriate.

**IT IS SO ORDERED.**

Dated this 7th day of November, 2011 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge