**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　**Plaintiff,**<br><br>**v.**<br><br>**JOHNNY RODRIGUEZ (02),**<br><br>　　　　**Defendant.** | **Case No. 10-40114-02-DDC** |

**MEMORANDUM AND ORDER**

Defendant Johnny Rodriguez asks the court to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). *See* Doc. 81. The court denies Mr. Rodriguez's motion for lack of jurisdiction.

On August 5, 2011, Mr. Rodriguez pleaded guilty to possession with the intent to distribute more than one kilogram of a mixture or substance containing a detectable amount of phencyclidine ("PCP")—a violation of 21 U.S.C. § 841(a)(1). The court sentenced him on November 4, 2011. Mr. Rodriguez's total offense level was 34 and his criminal history category was VI. Moreover, Mr. Rodriguez had committed the requisite predicate offenses to qualify as a career offender. His resulting sentencing guideline range was 262 to 327 months in prison. The court, however, granted Mr. Rodriguez a downward variance and sentenced him to the statutory mandatory minimum term of imprisonment—120 months. *See* Doc. 71. Mr. Rodriguez now asks the court to reduce that sentence under Amendment 782 and 18 U.S.C. § 3582(c)(2).

"Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously imposed sentence if the Sentencing Commission has lowered the applicable sentencing range and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United*

*States v. Torres-Aquino*, 334 F.3d 939, 940 (10th Cir. 2003) (quoting 18 U.S.C. § 3582(c)(2)).  But the court lacks jurisdiction to reduce a sentence when "'an amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment.).'"  *United States v. Tubens*, 644 F. App'x 861, 862 (10th Cir. 2016) (quoting USSG § 1B1.10 cmt. n.1(A)).

Here, a statutory mandatory minimum sentencing provision controlled Mr. Rodriguez's sentence.  So, the court lacks jurisdiction to consider Mr. Rodriguez's motion to reduce his sentence.

The court thus denies Mr. Rodriguez's "Pro Se Motion for Reduction of Sentence Under, 18 U.S.C. § 3582(c), United States Sentencing Guidelines Amendment 782" (Doc. 81) for lack of jurisdiction.

**IT IS SO ORDERED.**

**Dated this 6th day of June, 2018, at Topeka, Kansas.**

            **s/ Daniel D. Crabtree**
            **Daniel D. Crabtree**
            **United States District Judge**